UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. CARPENTER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and THE UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 05-cv-11012-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO TRANSFER TO THE WESTERN DIVISION**

Now comes plaintiff Daniel E. Carpenter ("Carpenter"), through undersigned counsel, and respectfully moves to transfer this case to the **Western Division of the District of Massachusetts in Springfield** pursuant to 28 U.S.C. § 1404(b) and LR, D. Mass. 40.1(F).

**LOCAL RULE 7.1(A)(2) STATEMENT**

Plaintiff's counsel has conferred with AUSA William A. Collier in an unsuccessful attempt to resolve or narrow the issue.

**MEMORANDUM OF LAW**

**I.   THIS CASE SHOULD BE TRANSFERRED TO THE WESTERN DIVISION OF THE DISTRICT OF MASSACHUSETTS**

Local Rule 40.1(F) states:

**(F) Transfer Between Divisions**.  Any case may be transferred from one division to another division on motion of any party for good cause shown or sua sponte for good cause by the judge to whom the case is assigned.

1

See also 28 U.S.C. §1404(b) ("any action . . . of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.").

This case should be transferred to the Western Division of this Court in Springfield because, among other reasons, Carpenter (a resident of Simsbury, Connecticut – which is virtually on the Massachusetts border near Springfield) lives much closer to the Springfield courthouse than to the Boston courthouse. In further support hereof, Carpenter respectfully states as follows:

1. Carpenter commenced this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in the District of Connecticut against the U.S. Department of Justice and the Office of the U.S. Attorney for the District of Massachusetts.

2. The government filed a motion to transfer the FOIA case from the District of Connecticut to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

3. Carpenter opposed the government's motion to transfer because 5 U.S.C. § 552 (a)(4)(B) provides that venue in FOIA actions is proper in the district where the plaintiff resides.

4. On April 28, 2005, the Connecticut district court (Thompson, J.) granted the government's motion and transferred the FOIA case to the District of Massachusetts. The matter was docketed in this Court on May 12, 2005.

5. Carpenter now moves to transfer this case to the Western Division of this Court in Springfield for several reasons:

(a) Carpenter's home and place of business in Simsbury, Connecticut are much closer to the federal courthouse in Springfield than they are to the federal courthouse in Boston.[1]  Simsbury is only one town away from the Massachusetts border near Springfield.

(b) Plaintiff's lead counsel in this matter is Richard S. Order, Esq. of the Hartford, Connecticut law firm of Axinn, Veltrop & Harkrider LLP.  Transfer of this case to Springfield would also be much more convenient for Attorney Order, who otherwise will be forced to travel (according MapQuest) 100 miles and one hour and 47 minutes (and almost three hours during rush hour) to the Boston courthouse instead of only 26 miles and 27 minutes to the Springfield courthouse.

(c) Plaintiff's undersigned co-counsel (Attorney Robinson) would also be substantially inconvenienced absent a transfer, since his office in Stamford, Connecticut (according to MapQuest) is 105 miles and one hour and 45 minutes from Springfield, but 178 miles and three hours (almost four hours during rush hour) from Boston.

(d) Not only is the Western Division much more accessible to Mr. Carpenter and his attorneys than the Eastern Division, but the docket in the Western Division is much less crowded than that of the Eastern Division.

---

[1]  According to MapQuest (www.mapquest.com), while Carpenter's home in Simsbury, Connecticut is only 31 miles and 47 minutes from the Springfield courthouse, Simsbury is 112 miles and three hours, during rush hour, from the Boston courthouse.

    (e)    Even the government's attorney, a member of the Office of the U.S. Attorney for the District of Connecticut in Hartford, would be inconvenienced absent a transfer. Because the FOIA Request at issue pertains to documents in the possession of the Office of the U.S. Attorney for the District of Massachusetts, the plaintiff will move to disqualify any AUSA from the District of Massachusetts from appearing in this action, leaving the AUSA from the District of Connecticut in Hartford as the government's counsel.[2]

    (f)    Finally, the order transferring this case from the District of Connecticut did not specify which *Division* in the District of Massachusetts should receive the case (although the case file was sent to Boston). Consequently, had the Clerk of this Court followed the rules for the assignment of transferred cases, it is likely that this case would have been assigned to the Western Division in the first instance.

## **CONCLUSION**

In light of the foregoing, plaintiff respectfully requests that this Court transfer this case to the Western Division of the District of Massachusetts in Springfield.

---

[2] If, nevertheless, some AUSA from the District of Massachusetts is permitted to assume responsibility for this case, the U.S. Attorney for the District of Massachusetts maintains an office in Room 310 of the Springfield courthouse. Accordingly, there would be no additional burden suffered by the government in any event.

Dated: May 20, 2005

          PLAINTIFF,
          DANIEL E. CARPENTER,
          By his attorneys,

**/s/ Jack E. Robinson**
Jack E. Robinson, Esq. (BBO # 559683)
2187 Atlantic Street
Stamford, CT 06902
Tel: (203) 425-4500
Fax: (203) 425-4555
E-mail: Robinsonesq@aol.com


Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103-3702
Tel: (860) 275-8100
Fax: (860) 275-8101
E-Mail: rso@avhlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by first class U.S. mail this 20th day of May, 2005, to the following counsel of record:

William A. Collier, Esq.
Assistant U.S. Attorney
450 Main Street, Room 328
Hartford, CT  06103

          **/s/  Jack E. Robinson**
          Jack E. Robinson, Esq.