UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-cv-11012-MEL |
| UNITED STATES DEPARTMENT OF JUSTICE and THE UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS, | ) |
| Defendants. | ) |

**PLAINTIFF'S EMERGENCY MOTION FOR SUMMARY JUDGMENT**

Plaintiff Daniel E. Carpenter, by his undersigned counsel, respectfully submits this motion in accordance with Fed. R. Civ. P. 56 for summary judgment against defendants United States Department of Justice and the United States Attorney for the District of Massachusetts on the grounds that there exist no genuine issues of material fact and Mr. Carpenter is entitled to judgment as a matter of law on his action to compel the government to produce to him documents he requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq.

The government has completely flouted its obligations under FOIA and has contorted a simple FOIA request into a Kafkaesque mockery of a statute designed to make the government responsive, open, and honest to the governed. The government has refused to produce the requested documents, has refused to acknowledge whether they even exist, and has not asserted any legitimate exemption to FOIA justifying the runaround to which it has subjected Mr. Carpenter.

1

As demonstrated in the accompanying L.R. 56.1 Statement of the Material Facts of Record, there is no genuine issue of material facts concerning the FOIA request and the government's failure to produce any responsive documents. Consequently, the Court should enter summary judgment in Mr. Carpenter's favor, order the government to produce the requested documents immediately, and order the government to pay Mr. Carpenter's attorney's fees and costs that he has incurred in this unnecessary battle over a simple, proper, and straightforward FOIA request.

## REQUEST FOR ORAL ARGUMENT

Mr. Carpenter requests oral argument on this motion as soon as possible because he needs the requested documents to help prepare his defense in United States v. Carpenter, No. 04-cr-10029-GAO, which is scheduled to commence trial on **July 11, 2005**.

## LOCAL RULE 7.1(A)(2) STATEMENT

Mr. Carpenter's counsel has conferred with AUSA Eugenia M. Carris in a good faith, but unsuccessful, attempt to resolve or narrow the issues.

## MEMORANDUM OF LAW

## FACTS

**A.     FOIA Request**

On August 18, 2004, Mr. Carpenter submitted a written FOIA request in accordance with 5 U.S.C. §§ 552 and 552a to the defendants, seeking:

> 1.     All documents, correspondence, records, or files provided by or obtained from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin Services, Inc.; (g) the investigation leading to United States v. Carpenter, Criminal No. 04-10029-GAO; or (h) the case itself after the indictment issued.

      2.    All documents that refer to, relate to, or reflect any conversation with John J. Koresko, V, Esq.

L.R. 56.1 Statement ("Statement") ¶ 1.

After no response was received within the 20 business days mandated by 5 U.S.C. § 552 (a)(6)(A)(i), Mr. Carpenter's counsel contacted Mary Ellen Barrett, the individual at the Office of the United States Attorney for the District of Massachusetts responsible for FOIA requests, who stated that a notarized authorization was required from Mr. Carpenter before the appropriate files could be reviewed in response to the FOIA request. Statement ¶ 2. Ms. Barrett indicated the request had been sent to the Department of Justice in Washington, D.C. and agreed to forward the requested authorization to the DOJ. Statement ¶ 3. Mr. Carpenter executed the notarized authorization, which was sent to Ms. Barrett by facsimile on September 23, 2004 and by Federal Express on September 24, 2004. Statement ¶ 4.

On October 13, 2004, Mr. Carpenter's counsel received a notice from Marie O'Rourke, Assistant Director of the Freedom of Information/Privacy Act Unit of DOJ indicating that Mr. Carpenter's FOIA request had been received, designated with the subject "Benistar Companies," and assigned identification number 04-3583. Statement ¶ 5. Mr. Carpenter's counsel received another letter from Ms. O'Rourke two days later, indicating the assignment of identification number 04-3582 to the same request, now designated "Daniel Carpenter," and stating that the request could not be processed without a notarized authorization from Mr. Carpenter even though he had already sent one. Statement ¶ 6. On October 20, 2004, Mr. Carpenter's counsel sent a letter indicating that a notarized authorization had already been provided and requesting to be informed if the authorization was in any way deficient. Statement ¶ 7.

After another month passed with no response, Mr. Carpenter's counsel contacted Shirley Botts, an employee of the Department's FOIA/Privacy Act Unit, on November 23, 2004. Statement ¶ 8. Despite Mr. Carpenter's earlier authorization and the October 20th letter, Ms. Botts indicated that file number 04-3582 had been closed due to lack of authorization. Statement ¶ 9. When directed to the authorization filed on September 23, Ms. Botts agreed that it was appropriate and stated that she would inquire into reopening the request. Statement ¶ 10.

Thereafter, on December 15, Ms. O'Rourke indicated by letter that she had opened a third matter on the lone, four-month-old FOIA request, which she then designated "Daniel Carpenter/DMA" and assigned identification number 04-4511. Statement ¶ 11. Attached to the letter was a second page stating, "Note: Your request for records on Daniel Carpenter is being expedited. We are sorry for the delay. We can not guarantee that the records will be released within the statutory time limits." Statement ¶ 12.

After six more weeks without a response, Mr. Carpenter initiated this action for violation of FOIA on January 28, 2005. Statement ¶ 13.

**B.   Agency Denial**

Three weeks after Mr. Carpenter commenced this suit, by virtue of a letter erroneously dated February 18, 200**4** and presumably dated February 18, 200**5**, Mr. Carpenter's request was reassigned, yet again, to identification number 05-388 and denied in a letter signed by Marie A. O'Rourke. Statement ¶ 14. In its denial, the Department referred to "records concerning . . . Mr. Koresko" and asserted that the release of such records would be prohibited by the Privacy Act, 5 U.S.C. § 552a, and exempt from production under FOIA, 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

4

Statement ¶ 15.  The letter stated that Ms. O'Rourke's decision could be appealed within 60 days to the Office of Information and Privacy, United States Department of Justice.  Statement ¶ 16.

C.      **Good Faith Basis for FOIA Request**

Although it is not necessary for Mr. Carpenter to demonstrate a good faith basis for his FOIA request, a United States Congressman has indicated that John J. Koresko, V has communicated with AUSA Michael Pineault, the prosecutor in charge of investigating, indicting, and prosecuting Mr. Carpenter in United States v. Carpenter, No. 04-cr-10029-GAO.  Statement ¶ 17.

D.      **The Government's Response**

In its Answer dated March 10, 2005, the government has not provided any justification for its failure to supply the requested records.  Statement ¶ 18.  Rather, it simply "decline[d to] either confirm or deny the existence of the requested documents" or "the exchange...between Attorney Koresko and AUSA Pineault."  Statement ¶ 19.  The government has not even invoked or relied on, much less established, a FOIA exemption.  Statement ¶ 20.

## ARGUMENT

I.      **STANDARDS OF REVIEW**

A.      **Summary Judgment Standard**

Under Fed. R. Civ. P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998).

A party seeking summary judgment bears the initial burden of presenting the relevant materials demonstrating the absence of a genuine issue of material fact. Crawford-El, 523 U.S. at 600 n.22; Celotex, 477 U.S. at 323. A party opposing summary judgment, however, cannot rest on mere denials, but must demonstrate the existence of a genuine, triable issue. Crawford-El, 523 U.S. at 600. "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (stating that, "[i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted") (internal citations omitted).

**B.    FOIA Standard**

Since the law, rather than the facts, is in dispute, summary judgment is the procedural vehicle by which nearly all FOIA actions are resolved. See Wickwire Gavin, P.C. v. USPS, 356 F.3d 588, 591 (4th Cir. 2004); Cooper Cameron Corp. v. United States Dep't of Labor, 280 F.3d 539, 543 (5th Cir. 2002).

In FOIA cases, the agency has the burden of justifying non-disclosure. See 5 U.S.C. § 552 (a)(4)(B); United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989); United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 n.3 (1989). Facts are viewed in the light most favorable to the requester of the information. Becker v. IRS, 34 F.3d 398, 405 (7th Cir. 1994); Katzman v. C.I.A., 903 F. Supp. 434 (E.D.N.Y. 1995). To prevail on a refusal to comply with a FOIA request, the defending agency must prove that

6

each document that falls within the class requested has either been produced, is unidentifiable, or is wholly exempt.  Conservation Law Foundation of New England, Inc. v. Dep't of the Air Force, 1986 U.S. Dist. LEXIS 27293 at *11 (D. Mass. 1986) (citing National Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).  The agency must sustain its burden by submitting detailed affidavits that identify the documents at issue and that explain why they fall under the claimed exemptions.  U.S. Dep't of Justice v. Landano, 508 U.S. 165, 176-80 (1993); Church of Scientology Intern. v. U.S. Dep't of Justice, 30 F.3d 224, 233-35 (1st Cir. 1994); Irons v. Bell, 596 F.2d 468, 471 (1st Cir. 1979).  Conclusory declarations by the agency are insufficient to sustain the burden.  Id.

**II.     THE GOVERNMENT HAS FAILED TO CARRY ITS BURDEN UNDER FOIA BECAUSE THE REQUESTED RECORDS ARE READILY IDENTIFIABLE AND THE GOVERNMENT HAS PROFFERED NO EXEMPTION**

The government has clearly failed to carry its heavy burden in defending this action to compel the production of FOIA records.  The requested records are clearly identifiable, and the government has not requested any clarification from Mr. Carpenter.  In fact, all Mr. Carpenter is requesting is documents sent to or for the benefit of AUSA Michael Pineault by John J. Koresko, V that refer to, relate to, or reflect Mr. Carpenter himself, the Benistar companies he was affiliated with, his criminal trial that AUSA Pineault investigated and presented to the grand jury for indictment, and any conversations Mr. Koresko had with AUSA Pineault.

Although Mr. Carpenter does not bear the burden, he has good reason to believe that such documents exist since Mr. Koresko has so represented in an affidavit he swore to in an unrelated case in the United States District Court for the Eastern District of Pennsylvania brought against him by the Secretary of Labor, Chao v. Koresko, Case No.

04:MC:00074 (MAM).  Exhibit A to that affidavit is a letter dated February 25, 2004 from Congressman Jim Gerlach to the Department of Labor Regional Director which states, "I also understand that Mr. Koresko has been of assistance to your office, the Boston office of DOL/EBSA and **Assistant U.S. Attorney Michael Pineault in the Boston office of the United States Attorney**."  Statement ¶ 17 (emphasis added).

In its Answer and Affirmative Defenses, the government has not even bothered to allege an exemption under FOIA, much less establish it by virtue of affidavits or a Vaughn Index.  See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).  Unlike the agencies in Irons or Church of Scientology, the government, in attempting to justify its failure to produce the records for over nine months, has not gone so far as to plead conclusory or self-serving allegations. Instead, it has simply arrogated unto itself the right to "decline" to confirm or deny the existence of the records, in clear violation of FOIA. Needless to say, the requested documents do not involve national security and, therefore, the government cannot hide even the existence of the documents behind a "Glomar" defense.  See Phillippi v. CIA, 546 F.2d 1009, 1013 (D.C. Cir. 1976).

The latest hoop that the government, through Marie O'Rourke, has held up for Mr. Carpenter to jump through is an absurd contortion of the words of the FOIA request to somehow invoke Mr. Koresko's Privacy Act rights.  The FOIA request seeks documents concerning Mr. Carpenter, not Mr. Koresko, that happen to have been supplied to the government by Mr. Koresko.  Mr. Koresko has no privacy right to shield from disclosure documents about Mr. Carpenter that Mr. Koresko volunteered to the government, and, therefore, the government's latest insistence that Mr. Carpenter furnish

it with authorization from Mr. Koresko for the disclosure of such documents defies logic and violates FOIA.

"The plain language of Rule 56(c) mandates the entry of summary judgment... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Where the government has failed to carry its burden on an essential element of its defense, the plaintiff need not adduce additional evidence. On its face, the record warrants the grant of summary judgment.

### III. THE GOVERNMENT HAS FAILED TO CARRY ITS BURDEN UNDER FOIA BECAUSE IT HAS NOT DEMONSTRATED IT HAS CONDUCTED AN ADEQUATE SEARCH FOR THE REQUESTED DOCUMENTS

To prevail in a FOIA action, the agency must additionally show that it has made a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested. Maynard v. CIA, 986 F.2d 547, 559 (1st Cir. 1993) (noting that the "crucial" issue is whether the agency's search was "reasonably calculated to discover the requested documents"). The government has not shown that it has made a good faith effort to conduct such a search. In fact, its refusal to "confirm or deny" the existence of the documents is the opposite of a good faith search. In reality, based on Mr. Koresko's own statements about his communication with AUSA Pineault, the search for the requested documents should at least begin with a search of AUSA Pineault's office and files and the government's files on the criminal action against Mr. Carpenter.

### IV. MR. CARPENTER HAS MET HIS BURDEN UNDER FOIA, BUT THE DEFENDANTS HAVE NOT MET THEIRS

In its answer, the government has admitted that Mr. Carpenter has met his burden under FOIA. For example, the government has admitted that Mr. Carpenter made a

FOIA request on August 18, 2004, Ans. ¶ 7; that the government has not produced the requested documents, Ans. ¶ 16; and that Mr. Carpenter has exhausted his administrative remedies, Ans. ¶ 24.

The burden then shifts to the government to justify its non-disclosure, and the government has plainly failed to meet that burden.

FOIA bestows a broad set of rights on the public, and provides the government with an express and limited set of exemptions.  As the Supreme Court said in EPA v. Mink, 410 U.S. 73, 80 (1973), "[w]ithout question, the Act is broadly conceived.  It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands."  Congressional purpose reflected "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S.Rep.No.813, 89th Cong., 1st Sess., 3 (1965).  The exemptions to FOIA "are explicitly made exclusive, and must be narrowly construed." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (internal citations omitted). In short, FOIA was specifically envisioned to protect private citizens like Mr. Carpenter from the sort of obstinate bureaucratic foot-dragging employed by the defendants.

**V.    BECAUSE OF THE GOVERNMENT'S OBSTINATE AND UNJUSTIFIED RUNAROUND, THE COURT SHOULD GRANT MR. CARPENTER REIMBURSEMENT OF ALL THE ATTORNEY'S FEES AND COSTS HE HAS INCURRED IN CONNECTION WITH HIS FOIA REQUEST**

The court may award attorney's fees and other litigation costs reasonably incurred in any FOIA action in which the complainant has substantially prevailed.  5 U.S.C. § 552 (a)(4)(E).  Courts have harmonized FOIA with other fee-shifting statutes, holding that a plaintiff must obtain a judicially sanctioned alteration in the legal relationship of the

parties before fees will be awarded.  Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy, 288 F.3d 452 (D.C. Cir. 2002).  "In order for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court' either in a judgment on the merits or in a court-ordered consent decree."  Id. at 455-56.  See also Union of Needletrades v. INS, 336 F.3d 200, 206 (2d Cir. 2003).

Ultimately, the decision on whether to award attorney's fees is within the court's equitable discretion.  Young v. Director, 1993 WL 305970, at *2 (4th Cir. 1993); Texas v. ICC, 935 F.2d 728, 733 (5th Cir. 1991).  Since defendants in this case have clearly violated FOIA by refusing to provide the requested records, by fabricating successive hoops for Mr. Carpenter to jump through, by failing even to assert an exemption, by failing to demonstrate the adequacy of any search for the requested documents, and by "declining" to admit or deny the existence of the requested documents, Mr. Carpenter should prevail in this action and should be awarded his attorney's fees and costs because the defendants increased such costs by their groundless, obstructionist conduct.  After the Court grants summary judgment to Mr. Carpenter, he will submit documentation of the attorney's fees and costs defendants forced him to incur so that the Court can enter a specific monetary award.

## **CONCLUSION**

For the foregoing reasons, the Court should enter summary judgment in Mr. Carpenter's favor, order the government to produce the requested documents immediately, and order the government to pay, in an amount to be determined after submission of documentation, Mr. Carpenter's attorney's fees and costs that he has incurred in this unnecessary battle over a simple, straightforward, and proper FOIA request.

Dated: June 17, 2005

          PLAINTIFF,
          DANIEL E. CARPENTER,
          By his attorneys,


**/s/ Jack E. Robinson**
Jack E. Robinson, Esq.
(BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
(203) 425-4500
(203) 425-4555 (fax)
Robinsonesq@aol.com


**/s/ Richard S. Order**
RICHARD S. ORDER, ESQ. (ct02761)
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
(860) 275-8101 (fax)
rso@avhlaw.com