UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
DANIEL E. CARPENTER,                        )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )      No. 05-cv-11012-MEL
                                            )
UNITED STATES DEPARTMENT OF                 )
JUSTICE and THE UNITED STATES               )
ATTORNEY FOR THE DISTRICT OF                )
MASSACHUSETTS,                              )
                                            )
            Defendants.                     )
_____)

### PLAINTIFF'S L.R. 56.1 STATEMENT OF MATERIAL FACTS OF RECORD

In accordance with L.R. 56.1, and in support of his accompanying motion for summary

judgment, plaintiff Daniel E. Carpenter respectfully submits this statement of material facts of

record as to which there is no genuine issue to be tried.

**A.**   **FOIA Request**

1.      On August 18, 2004, Mr. Carpenter submitted a written FOIA request in

accordance with 5 U.S.C. §§ 552 and 552a to the defendants, seeking:

> a.      All documents, correspondence, records, or files provided by or obtained
> from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel E.
> Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d)
> Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin
> Services, Inc.; (g) the investigation leading to United States v. Carpenter,
> Criminal No. 04-10029-GAO; or (h) the case itself after the indictment issued.
>
> b.      All documents that refer to, relate to, or reflect any conversation with John
> J. Koresko, V, Esq.

Complaint ("Compl.") ¶ 7; Answer ("Ans.") ¶ 7; **Exhibit 1** attached.

2.      After no response was received within the 20 business days mandated by 5 U.S.C. § 552 (a)(6)(A)(i), Mr. Carpenter's counsel contacted Mary Ellen Barrett, the individual at the Office of the United States Attorney for the District of Massachusetts responsible for FOIA requests, who stated that a notarized authorization was required from Mr. Carpenter before the appropriate files could be reviewed in response to the FOIA request.  Compl. ¶ 8; Ans. ¶ 8; **Exhibit 2** attached.

3.      Ms. Barrett indicated the request had been sent to the Department of Justice in Washington, D.C. and agreed to forward the requested authorization to the DOJ.  Id.

4.      Mr. Carpenter executed the notarized authorization, which was sent to Ms. Barrett by facsimile on September 23, 2004 and by Federal Express on September 24, 2004.  **Exhibit 2**, supra; Compl. ¶¶ 9-10; Ans. ¶¶ 9-10.

5.      On October 13, 2004, Mr. Carpenter's counsel received a notice from Marie O'Rourke, Assistant Director of the Freedom of Information/Privacy Act Unit of DOJ indicating that Mr. Carpenter's FOIA request had been received, designated with the subject "Benistar Companies," and assigned identification number 04-3583.  Compl. ¶ 11; Ans. ¶ 11; **Exhibit 3** attached.

6.      Mr. Carpenter's counsel received another letter from Ms. O'Rourke two days later, indicating the assignment of identification number 04-3582 to the same request, now designated "Daniel Carpenter," and stating that the  request could not be processed without a notarized authorization from Mr. Carpenter even though he had already sent one. Compl. ¶ 12; Ans. ¶ 12; **Exhibit 4** attached.

7.    On October 20, 2004, Mr. Carpenter's counsel sent a letter indicating that a notarized authorization had already been provided and requesting to be informed if the authorization was in any way deficient. Compl. ¶ 13; Ans. ¶ 13;  **Exhibit 5** attached.

8.    After another month passed with no response, Mr. Carpenter's counsel contacted Shirley Botts, an employee of the Department's FOIA/Privacy Act Unit, on November 23, 2004.  Compl. ¶ 14; Ans. ¶ 14.

9.    Despite Mr. Carpenter's earlier authorization and the October 20th letter, Ms. Botts indicated that file number 04-3582 had been closed due to lack of authorization.  Id.

10.    When directed to the authorization filed on September 23, Ms. Botts agreed that it was appropriate and stated that she would inquire into reopening the request.  Id.

11.    Thereafter, on December 15, Ms. O'Rourke indicated by letter that she had opened a third matter on the lone, four-month-old FOIA request, which she then designated "Daniel Carpenter/DMA" and assigned identification number 04-4511. Compl. ¶ 15; Ans. ¶ 15; **Exhibit 6** attached.

12.    Attached to the letter was a second page stating, "Note: Your request for records on Daniel Carpenter is being expedited.  We are sorry for the delay.  We can not guarantee that the records will be released within the statutory time limits." Id.

13.    After six more weeks without a response, Mr. Carpenter initiated this action for violation of FOIA on January 28, 2005.  Compl. ¶¶ 1-30.

**B.**    <u>**Agency Denial**</u>

14.    Three weeks after Mr. Carpenter commenced this suit, by virtue of a letter erroneously dated February 18, 200**4** and presumably dated February 18, 200**5**, Mr. Carpenter's request was reassigned, yet again, to identification number 05-388 and denied in a letter signed by Marie A. O'Rourke, a copy of which is attached as **Exhibit 7**.

15.    In its denial, the Department referred to "records concerning . . . Mr. Koresko" and asserted that the release of such records would be prohibited by the Privacy Act, 5 U.S.C. § 552a, and exempt from production under FOIA, 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).  <u>Id</u>.

16.    The letter stated that Ms. O'Rourke's decision could be appealed within 60 days to the Office of Information and Privacy, United States Department of Justice.  <u>Id</u>.

**C.**    <u>**Good Faith Basis for FOIA Request**</u>

17.    John J. Koresko, V has communicated with AUSA Michael Pineault, the prosecutor in charge of investigating, indicting, and prosecuting Mr. Carpenter in <u>United States v. Carpenter</u>, No. 04-cr-10029-GAO.  <u>See</u> Exhibit A to Mr. Koresko's  affidavit in <u>Chao v. Koresko</u>, Case No. 04:MC:00074 (MAM) (E.D. Pa.), a copy of which is attached as **Exhibit 8**.

**D.**    <u>**The Government's Response**</u>

18.    In its Answer dated March 10, 2005, the government has not provided any justification for its failure to supply the requested records.  Ans. ¶¶ 1-30.

19.    In its Answer dated March 10, 2005, the government "decline[d to] either confirm or deny the existence of the requested documents" or "the exchange...between Attorney Koresko and AUSA Pineault."  Ans. ¶¶ 2, 18.

20.    In its Answer dated March 10, 2005, the government has not invoked or relied on

a FOIA exemption.  Ans. ¶¶ 1-30.

Dated: June 17, 2005

PLAINTIFF,
DANIEL E. CARPENTER,
By his attorneys,


**/s/ Jack E. Robinson**
Jack E. Robinson, Esq.
(BBO #559683)
2187 Atlantic Street
Stamford, CT 06902
(203) 425-4500
(203) 425-4555 (fax)
Robinsonesq@aol.com



**/s/ Richard S. Order**
Richard S. Order, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
(860) 275-8100
(860) 275-8101 (fax)
rso@avhlaw.com

# EXHIBIT 1

# AXINN, VELTROP & HARKRIDER LLP

RICHARD S. ORDER
(860) 275-8140
RSO@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, NW. SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

August 18, 2004

**VIA FACSIMILE (617-748-3965) AND FIRST-CLASS MAIL**

Hon. Michael J. Sullivan
U.S. Attorney for the District of Massachusetts
United States Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

Re:    Freedom of Information Request

Dear United States Attorney Sullivan:

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). Pursuant to FOIA, we hereby request a copy of:

1.    All documents, correspondence, records, or files provided by or obtained from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar, Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f) Benistar Admin Services, Inc.; (g) the investigation leading to United States v. Carpenter, Criminal No. 04-10029-GAO; or (h) the case itself after the indictment issued.

2.    All documents that refer to, relate to, or reflect any conversation with John J. Koresko, V, Esq.

We look forward to your timely response within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

Sincerely,

Richard S. Order

RSO/pas

CTDOCS:12380.1

**EXHIBIT 2**

# AXINN, VELTROP & HARKRIDER LLP

ERIN M. BOGGS
(860) 275-8145
EMB@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL:(860) 275-8100
FAX:(860) 275-8101
www.avhlaw.com

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL:(212) 728-2200
FAX: (212) 728-2201

1801 K STREET, N.W. SUITE 411
WASHINGTON, D.C. 20006
TEL:(202) 912-4700
FAX: (202) 912-4701

September 23, 2004

<u>VIA FACSIMILE (617-748-3965)</u>

Mary Ellen Barrett
Office of U.S. Attorney for the District of Massachusetts
United States Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

  Re:  <u>Freedom of Information Request</u>

Dear Ms. Barrett:

  Thank you for responding to my inquiry regarding the lack of a timely response to my colleague Richard Order's August 18, 2004 Freedom of Information Request (FOIA) pertaining to our client Daniel Carpenter. Per our discussion, I am enclosing a notarized authorization from Mr. Carpenter permitting the Office of the U.S. Attorney to release to Axinn, Veltrop & Harkrider LLP any documents responsive to the request.

  Based on our conversation, I assume that there is nothing further for us to do and that the requested documents will be sent promptly. Thank you in advance for your willingness to send the notarized authorization via facsimile to the appropriate office in Washington, DC. A hard copy the authorization will follow shortly. I appreciate your assistance with this matter.

       Sincerely,

       Erin Boggs

EMB/pas
Enc.

cc:  Daniel E. Carpenter (w/enc. by mail)

CTDOCS:12622.1

**Authorization**

Daniel E. Carpenter hereby authorizes the Office of the U.S. Attorney to release to the law firm of Axinn, Veltrop & Harkrider any documents responsive to their Freedom of Information Request of August 18, 2004.

_Daniel E. Carpenter_

Daniel E. Carpenter

Sworn to and subscribed before me,
this _2 2_ day of September, 2004.

Commissioner of the Superior Court
Notary Public
My commission expires:

**AMY L. WHALEN**
_NOTARY PUBLIC_
MY COMMISSION EXPIRES OCT. 31, 2005

CTDOCS:12622.1 CTDOCS:12622.1

**EXHIBIT 3**



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 04-3583

Subject: Benistar Companies                    OCT 1 3 2004

Requester:  Richard Order

Dear Requester:

      The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  <u>Please give us this number if you write about your request.</u>  If we need additional information, we will contact you within two weeks.

      Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

      EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

      By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time</u>!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

      Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

# EXHIBIT 4



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

OCT 1 5

Request Number: __04-3582__    Date of Receipt: _September 21, 2004_

Requester: _Richard Order_

Subject of Request: _Daniel Carpenter_

Dear Requester:

    The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

    You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

    We have not performed a search for records and you must not assume that records concerning the third party exist. We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

    Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

This is a final determination and your request for information will be closed.  You may appeal my decision in this matter by writing within 60 days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

U.S. Department of Justice

# Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____ **Date** _____

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____

### Print or Type Name

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

**EXHIBIT 5**

# AXINN,
# VELTROP &
# HARKRIDER LLP

RICHARD S. ORDER
(860) 275-8140
RSO@AVHLAW.COM

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101
www.avhlaw.com

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

1801 K STREET, NW, SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

October 20, 2004

<u>VIA FACSIMILE (202-616-6478) AND U.S. MAIL</u>

Marie A. O'Rourke
Assistant Director
U.S. Department of Justice
Freedom of Information/Privacy Act Unit
600 E Street, NW, Room 7300
Washington, DC 20530

Re:     <u>Freedom of Information Request No. 04-3583</u>

Dear Ms. O'Rourke:

We recently received your correspondence of October 13, 2004, notifying us of the receipt of our Freedom of Information Act (FOIA) Request. We separately received an October 15, 2004 notice stating that our request lacks the authorization necessary to release third-party information. Please find enclosed my letter dated September 23, 2004, to Mary Ellen Barrett of the Boston Office of the U.S. Attorney (OUSA). This letter transmitted an authorization from our client, Daniel Carpenter, permitting the OUSA to release any relevant information regarding him. We trust that this will satisfy the requirements of your office and there will be no further delays in complying with our request.

We have been surprised, disappointed, and frustrated by the delay of over two months since we submitted our FOIA request and the continuing failure of the government to provide any substantive response. We submitted our request to the Boston OUSA on August 18, 2004. After receiving no word from the Boston office for more than 20 days after our initial submission, we contacted Mary Ellen Barrett of that office to check on its status. She informed us that we needed to provide a signed authorization from our client in order for the Office of the U.S. Attorney to respond to our inquiry. We provided such an authorization on September 23rd. Now, more than 18 business days after providing the authorization and 38 business days after our original inquiry, we still have not received the requested documents and it appears that you were unaware of Mr. Carpenter's authorization.

Please let me know whether the authorization I previously submitted is satisfactory for your purposes.

CTDOCS:12783.1

Marie A. O'Rourke
October 20, 2004
Page 2

     We understand that your office deals with a great number of FOIA requests, but we simply wanted to make you fully aware of the background of this particular inquiry.   If there are any other reasons responding to our request might be delayed, please do not hesitate to contact me.

     Sincerely,

Richard S. Order

RSO/pas
Enc.

cc:    Daniel E. Carpenter (w/enc.)
       Mary Ellen Barrett, Esq. (w/enc.)

CTDOCS:12783.1

# AXINN,
# VELTROP &
# HARKRIDER LLP

ERIN M. BOGGS
(860) 275-8145
EMB@AVHLAW.COM

1370 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
TEL: (212) 728-2200
FAX: (212) 728-2201

90 STATE HOUSE SQUARE
HARTFORD, CONNECTICUT 06103-3702

TEL: (860) 275-8100
FAX: (860) 275-8101
www.avhlaw.com

1801 K STREET, NW, SUITE 411
WASHINGTON, D.C. 20006
TEL: (202) 912-4700
FAX: (202) 912-4701

September 23, 2004

<u>VIA FACSIMILE (617-748-3965)</u>

Mary Ellen Barrett
Office of U.S. Attorney for the District of Massachusetts
United States Courthouse, Suite 9200
One Courthouse Way
Boston, MA 02210

Re:    <u>Freedom of Information Request</u>

Dear Ms. Barrett:

Thank you for responding to my inquiry regarding the lack of a timely response to my colleague Richard Order's August 18, 2004 Freedom of Information Request (FOIA) pertaining to our client Daniel Carpenter. Per our discussion, I am enclosing a notarized authorization from Mr. Carpenter permitting the Office of the U.S. Attorney to release to Axinn, Veltrop & Harkrider LLP any documents responsive to the request.

Based on our conversation, I assume that there is nothing further for us to do and that the requested documents will be sent promptly. Thank you in advance for your willingness to send the notarized authorization via facsimile to the appropriate office in Washington, DC. A hard copy the authorization will follow shortly. I appreciate your assistance with this matter.

Sincerely,

Erin Boggs

EMB/pas
Enc.

cc:    Daniel E. Carpenter (w/enc. by mail)

CTDOCS:12622.1

## Authorization

Daniel E. Carpenter hereby authorizes the Office of the U.S. Attorney to release to the

law firm of Axinn, Veltrop & Harkrider any documents responsive to their Freedom of

Information Request of August 18, 2004.

Daniel E. Carpenter

Sworn to and subscribed before me,
this 2 ℓ day of September, 2004.

Commissioner of the Superior Court
Notary Public
My commission expires:

**AMY L. WHALEN**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES OCT. 31, 200ℓ

CTDOCS:12622.1 CTDOCS:12622.1

# EXHIBIT 6



*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number: 04-4511

Subject: DANIEL CARPENTER/DMA

Requester: RICHARD ORDER

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03

Note: Your request for records on Daniel Carpenter is being expedited.  We are sorry for the delay.  We can not guarantee that records will be released within the statutory time limits.

# EXHIBIT 7

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

FEB 1 8 2004

Request Number: 05-388          Date of Receipt: 9/24/04

Requester: Richard S. Order

Subject of Request: John J. Koresko V, Esq. etc.

Dear Mr. Order:

The Executive Office for United States Attorneys ("EOUSA") has previously advised you that it received your Freedom of Information Act ("FOIA") request.  The request was assigned numbers 04-3582, 04-3593, and 04-4511, respectively reflecting EOUSA's initial reading of the subjects identified by your letter: Daniel Carpenter (categorical denial as a third party absent authorization), Banistar companies, and Daniel Carpenter (authorization provided, new file opened). Upon re-reading your request, EOUSA is revising the previous replies, closing all presently open files, and assigning the above referenced new number to the request, which is concerning Mr. John J. Koresko V, Esq.. This letter constitutes the reply and position of EOUSA regarding your request under the FOIA.

You have requested records concerning a third party, John J. Koresko V, Esq. and "all documents, correspondence, records, or files provided by or obtained from" him "that refer to, relate to, or reflect" subject items set forth as (a)-(h) of your letter, and "all documents" of "any conversation" with Mr. Koresko.  EOUSA can neither confirm nor deny that such records exist. If in fact, they did exist, all such records as you have requested cannot be released absent express authorization and consent of the third party, Mr. Koresko, proof that the he is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records.  Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning the third party, Mr. Koresko, would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. §552a.  These records are also categorically exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. §552.

We have not performed a search for records and, as stated above, you must not assume that the records you seek concerning Mr. Koresko exist.

Should you obtain the written authorization and consent of the third party, Mr. Koresko, for release of the subject records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. §1001.

This is a final determination and your request for information will be closed. You may appeal my decision in this matter by writing within 60 days, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure

(Page 2 of 2)        Form No. 006 - 3/00

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1)  (A)  specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b) (2)  related solely to the internal personnel rules and practices of an agency;

(b) (3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual;

b) (8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

b) (9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

d) (5)  information compiled in reasonable anticipation of a civil action proceeding;

j) (2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest;

k) (1)  information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

k) (2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

k) (3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

k) (4)  required by statute to be maintained and used solely as statistical records;

k) (5)  investigatory material compiled solely for the purpose of determining suitability eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

k) (6)  testing or examination material used solely to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

k) (7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

FBI/DOJ

# EXHIBIT 8

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA           FILED MAY _ 5 2004

ELAINE CHAO, SECRETARY OF LABOR,                    Case No.: 04:MC:00074 (MAM)
U.S. DEPARTMENT OF LABOR,

                    Petitioner,

            - vs.-

JOHN J. KORESKO, V;
REGIONAL EMPLOYERS' ASSURANCE
LEAGUES;
DELAWARE VALLEY LEAGUE;
PENN-MONT BENEFIT SERVICES, INC.;
and KORESKO & ASSOCIATES.

                    Respondents.

### AFFIDAVIT OF JOHN J. KORESKO, V, ESQUIRE

#### IN SUPPORT OF
LAWYER RESPONDENTS'[1] AND ADMINISTRATIVE RESPONDENTS'[2] RESPONSE TO
THE DEPARTMENT OF LABOR'S PETITION TO ENFORCE ADMINISTRATIVE
SUBPOENA IN AN INVESTIGATION/ADVERSARY PROCEEDING TO JOHN J.
KORESKO, V, ESQUIRE; REGIONAL EMPLOYERS' ASSURANCE LEAGUES;
DELAWARE VALLEY LEAGUE; PENN-MONT BENEFIT SERVICES, INC; and THE
LAW FIRM OF KORESKO & ASSOCIATES, P.C.

COMMONWEALTH OF PENNSYLVANIA       :
                                   : SS
COUNTY OF MONTGOMERY               :

    I, JOHN J. KORESKO, V, ESQUIRE, being duly sworn, depose and state the following:

    1.   I am an attorney at law (since 1984) and certified public accountant (since 1981),
         licensed to practice both professions in Pennsylvania and Florida.

---

[1] JOHN J. KORESKO, V. ("ATTORNEY KORESKO"); KORESKO & ASSOCIATES, P.C. ("KAPC")
(collectively "LAWYER RESPONDENTS")
[2] PENN-MONT BENEFIT SERVICES, INC. ("PENN-MONT"); REGIONAL EMPLOYERS' ASSURANCE
LEAGUES; DELAWARE VALLEY LEAGUE ("DVL") (collectively "ADMINISTRATIVE
RESPONDENTS")

2. I enjoy a reputation for honesty, integrity, and competency in my profession throughout the United States in taxation and ERISA matters, and have regularly acted to assist Members of Congress and the Department of Labor on issues involving welfare benefit plans. See attached Ex. A, Letter from Congressman Jim Gerlach (PA – 6th); Ex. B, Professional Biography.

3. I wrote the plan and trust documents for the Delaware Valley Leagues ("DVL") VEBA Trust ("DVL VEBA") and the Regional Employer Assurance Leagues ("REA") Voluntary Employees Beneficiary Association ("REAL VEBA").

4. Both DVL and REAL are unincorporated, loose associations of those employers who with to provide benefits; however neither the employers who joined nor their employees control DVL and REAL.

5. My brother and I are the only persons who have signed documents or taken actions on behalf of DVL and REAL, and we report to no superiors in that regard.

6. Neither DVL nor REAL is an employee benefit plan.

7. I applied for and received determination letters from the IRS that the forms of plan used by DVL VEBA qualified as section 501(c)(9) VEBAs.

8. REAL VEBA was constructed in all relevant respects identically to DVL VEBA, but needed to be amended in 1995 to reflect the requirements of its successor trustee.

9. In the plan documents of DVL VEBA and REAL VEBA, my law firm was given power of attorney by each participant to represent them with respect to tax and other matters concerning DVL and REAL VEBA.

10. My law firm also has power of attorney from the present trustee of REAL VEBA.

11. I am on the Plan Committee of each employee benefit structure under DVL VEBA and REAL VEBA, and have power to act for the Committee.

12. The Plan Committee has no authority but to review and authorize the initial purchase of insurance contracts while a plan administrator is in office.

13. I am the sole shareholder of Koresko & Associates, PC (KAPC) the entity through which I practice law.

14. PennMont Benefit Services, Inc. (PM) is a corporate affiliate of KAPC that was set up so that my brother could have an equity participation, since he is not a lawyer.

15. PM has no employees and no physical assets; and PM functions like a division of KAPC on the premises of KAPC.

16. All persons who perform administrative functions for REAL VEBA are employees of KAPC, use assets of KAPC, and are instructed as to the mandates of attorney-client privilege.

17. All files of DVL VEBA and REAL VEBA are owned by and in the possession of the law firm KAPC.

18. REAL VEBA and DVL VEBA were constructed as Internal Revenue Code § 419A(f)(6) arrangements.

19. I constructed these plans knowing that IRS had an adverse opinion of them, as demonstrated in the Tax Court cases of *Schneider v. Com'r* (1992) and *Moser v. Com'r* (1988) and *Wellons v. Com'r* (1992).

20. The adverse litigation position of IRS and its intention to litigate against § 419A(f)(6) plans was publicized in the Internal Revenue Bulletin, in Notice 95-34, issued June 5, 1995.

21. Each client who adopted DVL and REAL VEBA was made aware of IRS' position from the materials we disseminated and my book, "The VEBA – Understanding Multiple Employer Voluntary Employees Beneficiary Associations."

22. In fact, IRS audited the deductions of two clients, including Sidney Charles Markets ("SCM").

23. To date, as a result of our skilled representation for over six years, SCM has not been forced to pay an additional tax as a result of its deductions; if fact, I persuaded IRS Appeals Officer Michael Kopytko to recommend no change in tax to his superiors.

24. It is my belief, as a result of my direct knowledge of the circumstances surrounding each implementation of REAL VEBA and DVL VEBA, that ALL DOCUMENTS prepared in connection with REAL VEBA and DVL VEBA were prepared under threat of imminent litigation.

25. DVL and DVL VEBA no longer function, as all eligible employers joined REAL VEBA; and the only one who did not, SCM, was involuntarily terminated for reasons described in various court documents involving litigation with them.

26. In 1998 (I believe), IRS attempted to obtain client data from my firm and served me with administrative subpoenas regarding DVL VEBA and REAL VEBA.

27. I successfully resisted the administrative subpoenas on the basis of attorney-client privilege and work product doctrine; and to date, I have not given IRS any confidential data regarding participants and employers in DVL VEBA and REAL VEBA.

28. I have consistently treated KAPC, PM, REAL, REAL VEBA, DVL, and DVL VEBA records as privileged.

29. I asserted privilege in litigation started by SCM; and in the District of New Jersey I refused to testify regarding privileged information despite threats made against me by U.S. Magistrate Judge Hedges.

30. My claims of privilege regarding the information and files of DVL, DVL VEBA, REAL, REAL VEBA, PM, and KAPC have not been overruled by any court of competent jurisdiction.

31. There are over 500 files involved with REAL VEBA and the DVL VEBA, and the files contain thousands of documents.

32. On or about mid-February, 2004, I received subpoenas from the DOL . Even though I believed the subpoenas to be misdirected and inappropriate, I responded and provided information in a manner which comports with my obligations as counsel for the Trust. See Ex. "C" and "D", correspondence to DOL Investigator Bindu George.

JAN-12-05  10:56  From:DEPT OF LABOR - SOL PBSD                    2026935610                    T-018  P.05/13  Job-540

33. It would cost thousands of dollars in time and materials to reproduce the documents requested by DOL in their subpoenas; and it would work a substantial hardship on our small firm because of the expense and diversion of personnel that would be required from normal service of our clients.

34. I am aware of no complaint to the DOL about the operations of DVL VEBA or REAL VEBA other than that lodged by SCM after litigation resulted in rulings adverse to it.

35. Neither I, my firm, nor my employees or associates have committed any violation of any law or breached our fiduciary duties; and especially, we have not violated ERISA.

36. I believe the DOL's actions in this matter are purely vindictive and not in good faith, and not on any reasonable basis, especially given the negative and unresponsive comments delivered to me from Investigator Bindu George and Attorney Natalie Appetta of the Department of Labor.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN J. KORESKO, V, ESQUIRE

SUBSCRIBED AND SWORN
BEFORE ME THIS ___4th___
DAY OF MAY, 2004.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHELLE FOGEL SULLIVAN, Notary Public
Norristown Boro., Montgomery County
My Commission Expires September 30, 2007

MY COMMISSION EXPIRES:
4-20-07

**JIM GERLACH**
8th District, Pennsylvania

COMMITTEE:
Transportation and Infrastructure
Small Business

1541 Longworth House Office Building
Washington, DC 20515·
(202) 225-4315
FAX (202) 225-8440

## Congress of the United States
## House of Representatives
### Washington, DC 20515–3806
February 25, 2004

Ms. Mabel Capolongo
Regional Director-Philadelphia Region
U.S. Department of Labor
Employee Benefits Security Administration
The Curtis Center-Suite 870 West
170 S. Independence Mall West
Philadelphia, PA  19106

Dear Ms. Capolongo:

I am writing in reference to John J. Koresko, Esquire, a constituent who has provided my office with tax advice on various pieces of legislation and is head of the law firm Koresko & Associates, PC representing PennMont Benefit Services, Inc. and Regional Employers Assurance Leagues VEBA trusts (REAL VEBA).

Mr. Koresko's expertise in tax and ERISA matters are well-known and respected and he has participated in numerous Congressional proceedings and activities to further legislation that promotes employer use of welfare benefit plans. Included among the legislators who have benefited from Mr. Koresko's expertise have been U.S. Senator Rick Santorum, Congressman Phil Crane, Congressman Phil English and the staffs of the House Ways and Means Committee and the Senate Finance Committee.

I also understand that Mr. Koresko has been of assistance to your office, the Boston office of DOL/EBSA and Assistant U.S. Attorney Michael Pineault in the Boston office of the United States Attorney.

In short, Mr. Koresko has been of great assistance to me and other Members of Congress on important tax, ERISA and welfare benefit plan issues and I look forward to his continuing advice and counsel as these issues continue to be reviewed and debated.

I hope you have the opportunity to take benefit of Mr. Koresko's expertise and advice on matters that come before your office. His services could most useful.

Sincerely,



Jim Gerlach
Member of Congress

JG:mw
Cc: Hon. Elaine Chao, Secretary, U.S. Department of Labor
Howard Radzely, Solicitor, U.S. Department of Labor
Tom Donnelly, Jefferson Government Relations
John J. Koresko, Esquire

――――――――― DISTRICT OFFICES ―――――――――

**BERKS COUNTY**
SGT North Park Road
Wyomissing, PA 19610
(610) 376-7630
FAX (610) 374-7453

**CHESTER COUNTY**
1220 Pottstown Pike, Suite C
Glenmoore, PA 19343
(610) 458-6016
[F] (610) 458-6256

EX. A

**MONTGOMERY COUNTY**
580 Main Street, Suite 4
Trappe, PA 19426
(610) 409-2786
Fax (610) 409-7592