UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  | ) | |
|---|---|---|
| DANIEL E. CARPENTER, | ) | |
| Plaintiff, | ) | |
|  | ) | CIVIL ACTION |
| v. | ) | NO. 05-11012-MEL |
|  | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| and U.S. ATTORNEY FOR THE | ) | |
| DISTRICT OF MASSACHUSETTS, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**GOVERNMENT'S L.R. 56.1 STATEMENT OF RELEVANT FACTS**

In accordance with L.R. 56.1, and in support of its accompanying motion for summary

judgment, the government submits this statement of relevant facts.  Defendants incorporate

herein the Declaration of John F. Bosker ("Boseker Decl.") and attached Exhibits ("Boseker

Exh.").

A.      Proceedings Related to Plaintiff's Criminal Indictment

1.       A grand jury returned an indictment against Plaintiff on February 4, 2004.  See

United States v. Daniel E. Carpenter, Criminal Docket 04-10029-GAO, # 1

("Crim. Docket").  On September 22, 2004, the grand jury returned a superseding

indictment against Carpenter in light of a new case regarding sentencing

guidelines.  (Crim. Docket  # 34).

2.       After his motion to dismiss was denied on November 9, 2004 (Crim. Docket #

44), the Court granted Plaintiff a motion to continue the trial date that had been

scheduled for trial on April 4, 2005.  (Crim. Docket #55).  On April 29, 2005,

Plaintiff filed another emergency motion seeking a continuance until November

of 2005.  (Crim. Docket # 59).  The District Court denied this motion on May 4,

2005.  (Crim. Docket # 63).

3.     After being denied further motions to continue, Plaintiff filed a Motion for

Transfer of Venue to the District of Connecticut on May 5, 2005.  (Crim. Docket

# 66).  He also filed an alternative Motion to Transfer Venue to the Western

Division of the District of Massachusetts.  (Crim. Docket # 71).  The District

Court denied both of these motions on May 17, 2005.  (Crim. Docket # 76).

4.     On June 17, 2005, Plaintiff filed an "Emergency Motion for Production of

Discovery" relating to the same documents he requested in his FOIA claim.

(Crim. Docket # 80).

B.    Plaintiff's FOIA Request

5.     In a letter dated August 18, 2004, Richard S. Order, Esq., on behalf of Plaintiff,

submitted a FOIA request by fax and mail for the following documents:

    a.     All documents, correspondence, records, or files provided by or obtained
           from John J. Koresko, V, Esq. that refer to, relate to, or reflect (a) Daniel
           E. Carpenter; (b) Benistar Property Exchange Trust Co., Inc.; (c) Benistar,
           Ltd.; (d) Benistar 419 Plan Services, Inc.; (e) Benistar 419 Plan; (f)
           Benistar Admin Services, Inc.; (g) the investigation leading to United
           States v. Carpenter, Criminal No. 04-10029-GAO; or (h) the case itself
           after the indictment issues.

    b.     All documents that refer to, relate to, or reflect any conversation with John
           J. Koresko, V, Esq.

    (Boseker Exhibit A).

6.     On or around September 23, 2004, Mary Ellen Barrett, who is responsible for

FOIA requests in the Massachusetts office, informed Plaintiff's counsel that the

office could not release the records without the written authorization of Plaintiff.

(Plaintiff's Exhibit 2, Complaint ¶ 8; Answer ¶ 8).

7.    In a letter dated September 23, 2004, Erin Boggs, Esq. submitted a notarized
      authorization from Plaintiff consenting to the release of the records requested.
      (Plaintiff's Exhibit 2, Complaint ¶ 8; Answer ¶ 8).

8.    In a letter dated October 13, 2005, Marie O'Rourke, Assistant Director in charge
      of FOIA requests at the DOJ, responded to Plaintiff's request for documents
      relating to Benistar Companies.  It was assigned Request Number 04-3583.  Ms.
      O'Rourke noted in her reply that "Project Requests", including requests for "all
      information about [requester] in criminal case files" may take much longer than
      usual requests.  (Boseker Exhibit C).

9.    In a letter dated October 15, 2003, Marie O'Rourke further communicated to
      Plaintiff's attorney that the requests for documents regarding Daniel Carpenter
      would not be released without his express and notarized authorization.  (Boseker
      Exhibit B).

10.   In a letter dated December 14, 2005, Marie O'Rourke responded to the request for
      documents relating to Daniel Carpenter.  This request was reassigned Request
      Number 04-4511.  (Boseker Exhibit E).

11.   In a letter dated February 18, 2005, Marie O'Rourke sent an amended response to
      Plaintiff regarding all of the requests for documents.  Ms. O'Rourke stated that all
      presently open files would be closed and all the requests would be re-filed under
      Request Number 05-388.  Ms. O'Rourke stated that the EOUSA could "neither
      confirm or deny that such records exist" absent express consent from Mr.

Koresko.  Furthermore, the letter stated that the records are "categorically exempt

from disclosure pursuant to sections (b)(6) and (b)(7)(C)" of [FOIA].  (Boseker

Exhibit F).

12.     In a letter dated March 21, 2005, Plaintiff again identified Mr. Koresko as the

subject of his FOIA request by stating "Mr. Carpenter has requested documents

provided by or obtained from John J. Koresko, V that relate to Mr. Carpenter, a

number of businesses with which he is affiliated, the investigation leading to

United States v. Carpenter, Criminal No. 04-10029-GAO, or the criminal matter

itself. Mr. Carpenter has also requested documents that reflect any conversations

with Mr. Koresko."  (Boseker Exhibit G).

B.     Filing of FOIA Complaint

12.     Plaintiff originally filed his FOIA claim in the District of Connecticut on January

28, 2005. See Carpenter v. United States Dep't of Justice, et al., Civil Docket 05-

00172-AWT, # 1.  ("FOIA Docket A").

13.     The government filed a Motion to Transfer the FOIA matter to the District of

Massachusetts on March 11, 2005.  (FOIA Docket A # 6).  United States District

Judge Alvin W. Thompson granted the governments motion on April 28, 2005

and the case was transferred to the District of Massachusetts.  (FOIA Docket A #

10).

14.     Plaintiff then filed a Motion to Transfer venue to the Western Division of the

District of Massachusetts in Springfield on May 20, 2005.  See Civil Docket 05-

11012-MEL, #14 ("FOIA Docket B").  United States District Judge Morris

Lasker denied Plaintiff's Motion to Transfer on June 13, 2005.  (FOIA Docket B

# 17).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/Eugenia M. Carris
Eugenia M. Carris
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated:  July 1, 2005                                    (617) 748-3282

## CERTIFICATE OF MAILING

This is to certify that a true copy of the foregoing was electronically noticed or sent by
first class mail on July 1, 2005, to plaintiff's counsel of record, Richard S. Order, Esq., Axinn,
Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103, and Jack E. Robinson,
Esq., 187 Atlantic Street, Stamford, CT 06902.

/s/Eugenia M. Carris
Eugenia M. Carris