UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| DANIEL E. CARPENTER, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-11012-MEL |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| and U.S. ATTORNEY FOR THE | ) | |
| DISTRICT OF MASSACHUSETTS, | ) | |
| Defendants. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS**

The United States submits the following response to plaintiff's statement of material facts. The government is filing simultaneously with this response its statement of facts pursuant to Local Rule 56.1 in support of its cross-motion for summary judgment.

A.    FOIA Request

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The allegations of paragraph 6 are admitted only to the extent that the Executive Office of United States Attorneys ("EOUSA") notified plaintiff by letter dated October 15, 2004 of receipt of a FOIA request, that the request was assigned number 04-3582, and that the subject matter of the request was "Daniel Carpenter." The remainder of the paragraph is denied.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

    10.    Admitted.

    11.    The allegations in paragraph 11 are admitted only to the extent that the EOUSA notified plaintiff by letter dated December 15, 2004 of receipt of a FOIA request, that the request was assigned number 04-4511, and that the subject matter of the request was "Daniel Carpenter/DMA." The remainder of the allegations in this paragraph are denied.

    12.    Admitted.

    13.    Admitted.

B.    <u>Agency Denial</u>

    14.    Admitted.

    15.    The allegations in paragraph 15 are admitted to the extent that the EOUSA relied on 5 U.S.C. 552a; 5 U.S.C. §§ 552(b)(6) and (b)(C). The remainder of the allegations are denied.

    16.    Admitted.

C.    <u>Good Faith Basis for FOIA Request</u>

    17.    The allegations in paragraph 17 are admitted to the extent that the letter from Congressman Jim Geriach states "I also understand that Mr. Koresko has been of assistance to your office, the Boston office of DOL/EBSA and Assistant U.S. Attorney Michael Pineault in the Boston office of the United States Attorney." (Plaintiff's Exhibit 8). The remainder of the allegations are denied.

D.  The Government's Response

18. Paragraph 18 sets forth sets forth conclusions of law for which no response is required. To the extent the Court were to construe the conclusions of law as allegations requiring a response, the allegations are denied.

19. Admitted.

20. Denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/Eugenia M. Carris
Eugenia M. Carris
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: July 1, 2005          (617) 748-3282

**CERTIFICATE OF MAILING**

This is to certify that a true copy of the foregoing was electronically noticed or sent by first class mail on July 1, 2005, to plaintiff's counsel of record, Richard S. Order, Esq., Axinn, Veltrop & Harkrider LLP, 90 State House Square, Hartford, CT 06103, and Jack E. Robinson, Esq., 187 Atlantic Street, Stamford, CT 06902.

/s/Eugenia M. Carris
Eugenia M. Carris