**E N D O R S E M E N T**

DANIEL CARPENTER v. U.S. DEPT. OF JUSTICE and U.S. ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS
05-CV-11012-MEL

LASKER, D.J.

    This Freedom of Information Act ("FOIA") case pertains to documents submitted by John Koresko ("Koresko") to the Government and now requested by Daniel Carpenter ("Carpenter"). In denying his request, the Government has refused to either confirm or deny the existence of the requested documents, and also asserted the privacy rights of Koresko to invoke FOIA exemption 5 U.S.C. §552b(c)(7)(C)("Exemption 7(C)") and 5 U.S.C. §552(b)(6)(C)("Exemption 6").

    The Government bears the burden of justifying non-disclosure. See <u>U.S. Dept. of Justice v. Tax Analysts</u>, 492 U.S. 136, 142 n.3 (1989); <u>Church of Scientology Intern. v. U.S. Dept. of Justice</u>, 30 F.3d 224, 233 (1st Cir. 1994). The Government's refusal to confirm or deny the existence of any documents meeting Carpenter's description fails to meet the FOIA standard requiring justification for non-disclosure. A Glomar response is not sufficient to meet the FOIA requirements in a situation which does not include such weighty justifications as national security or foreign intelligence. Cf. <u>Phillipi v. CIA</u>, 546 F.2d 1009, 1013 (D.C. Cir. 1976); <u>Bassiouni v. CIA</u>, 392 F.3d 244, 246 (7th Cir. 2004).

    The Government has, however, also responded with a justification premised on Exemption 7(C) which, in combination with an *in camera* review of the requested documents, satisfies its burden. The *in camera* review has established that the requested documents contain material that justifies non-disclosure under Exemption 7(C), which excludes "records or information compiled for law enforcement purposes" to the extent that such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Despite Carpenter's allegations that he is the only individual "to whom the record pertains," 5 U.S.C. §552a(b), the requested documents do "reflect some quality or characteristic" of an individual other than Carpenter. <u>Boyd v. Secretary of the Navy</u>, 709 F.2d 684, 686 (11th Cir. 1983). I agree with the reasoning in <u>Quinon v. FBI</u> which recognizes that a person involved in an investigation, though he may not be the subject of the investigation, has a substantial interest in maintaining secrecy

sufficient to qualify for Exemption 7(C).  86 F.3d 1222, 1230 (D.C. Cir. 1996).  The nature of the personal privacy interest protected by Exemption 7(C) renders any further specification by the Court inappropriate, but I am satisfied that the requested documents can be justifiably withheld according to FOIA standards.  However, the documents are marked and sealed to be available on appeal if necessary.

In applying Exemption 7(C), Koresko's privacy interest is balanced against any public interest which might exist.  Due to the nature of the exemption, further specification is not possible, but the Court is again satisfied that Koresko's privacy interest outweighs any "significant" public interest, and that the documents are not likely to satisfy any such public interest. See Nat'l Archives and Records Admin. v. Favish, 541 U.S. 157, 158-59 (2004); U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).

Carpenter's Emergency Motion for Summary Judgment is DENIED and the Government's Cross-Motion for Summary Judgment is GRANTED.

It is so ordered.


Dated:    November 7, 2005
          Boston, Massachusetts        /s/ Morris E. Lasker
                                            U.S.D.J.