UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL E. CARPENTER,<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE and THE UNITED STATES<br>ATTORNEY FOR THE DISTRICT OF<br>MASSACHUSETTS,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 05-cv-11012-MEL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ENDORSEMENT ORDER DATED NOVEMBER 7, 2005

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, plaintiff Daniel E. Carpenter respectfully requests that this Court reconsider its Endorsement Order dated November 7, 2005, denying plaintiff's emergency motion for summary judgment and granting the defendants' cross-motion for summary judgment.

With all due respect, this Court committed a manifest error of law in applying the holding of Quinon v. FBI, 86 F.3d 1222 (D.C. Cir. 1996), to protect from production under FOIA Exemption 7(C) the requested documents supplied to the U.S. Attorney by John Koresko, who is not a **confidential** government informant and whose privacy interests, if any, do not warrant the withholding of documents.

Plaintiff's counsel has conferred with defendants' counsel pursuant to LR 7.1 but was unable to resolve or narrow the issue.

## STANDARD FOR RECONSIDERATION

To succeed on a Rule 59(e) motion [to reconsider], the moving party "must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision. The movant 'must either clearly establish a manifest error of law or must present newly discovered evidence.'"

Vicenty v. San Miguel Sandoval, 327 B.R. 493, 503 n.10 (1st Cir. 2005) (citations omitted).

## ARGUMENT

I. **The Court Committed a Manifest Error of Law in Applying Exemption 7(C) to Plaintiff's FOIA Request**

The Endorsement Order quickly dispatches with the government's argument regarding its Glomar response but then erroneously relies on the reasoning in Quinon v. FBI, 86 F.3d 1222 (D.C. Cir. 1996), in holding that FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), applies to plaintiff's FOIA request. Endorsement Order at 1. The decision in Quinon is clearly distinguishable from the instant action. The Quinon court addressed the application of Exemption 7(C) to **confidential** FBI sources who had a privacy interest in keeping their identities as informants secret. See Quinon, supra, at 1227 ("The [district] court held that Exemption 7(C) was properly invoked to withhold information **identifying informants** as well as other individuals involved in the investigation . . . .") (emphasis added). In contrast, the **identity** of the only government informant at issue in plaintiff's FOIA request, Koresko, is not confidential.[1]

Koresko has waived any reasonable expectation of confidentiality with regard to his role as a source of information regarding plaintiff to the U.S. Attorney's Office. As previously discussed at page 9, footnote 2 of Plaintiff's Memorandum of Law in Opposition to

---

[1] If the identities of any additional informants other than Koresko are revealed in the documents responsive to plaintiff's FOIA request, plaintiff has no objection to the redaction of such information from the documents prior to production.

2

Government's Cross-Motion for Summary Judgment dated July 12, 2005, Koresko has **voluntarily and publicly disclosed** the fact that he assisted Assistant U.S. Attorney Michael Pineault in the U.S. Attorney's criminal investigation of plaintiff. This disclosure was made by Koresko in an affidavit filed on May 5, 2004 in the case of <u>Chao v. Koresko</u>, Case No. 04:MC:00074 (MAM), in the United States District Court for the Eastern District of Pennsylvania. <u>See</u> Exhibit B to Plaintiff's Memorandum of Law in Opposition to Government's Cross-Motion for Summary Judgment dated July 12, 2005.

As a result, the only privacy interest protected in <u>Quinon, i.e.</u>, the identities of confidential informants, is not applicable to this case, and this Court's reliance on <u>Quinon</u> is, therefore, a manifest error of law warranting reconsideration.[2]

---

[2] In light of this lack of any legitimate privacy interest by Koresko, the Court's conclusion at page 2 of its Endorsement Order that Koresko's privacy interest outweighs the public interest in disclosure of the documents requested by plaintiff is, likewise, erroneous. <u>See</u> Plaintiff's Memorandum of Law in Opposition to Government's Cross-Motion for Summary Judgment dated July 12, 2005 at 11-13 for a discussion of the significant public interest underlying plaintiff's FOIA request.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion for reconsideration of the Endorsement Order dated November 7, 2005 and, upon reconsideration, should grant plaintiff's summary judgment motion and deny defendants' cross-motion.

Dated: November 22, 2005

                      PLAINTIFF,
                      DANIEL E. CARPENTER

By: */s/ Jack E. Robinson*
    Jack E. Robinson, Esq.
    (BBO #559683)
    2187 Atlantic Street
    Stamford, CT 06902
    Tel.: (203) 425-4500
    Fax: (203) 425-4555 (fax)
    E-mail: Robinsonesq@aol.com

    Richard S. Order, Esq. (ct02761)
    Axinn, Veltrop & Harkrider LLP
    90 State House Square
    Hartford, CT 06103
    Tel.: (860) 275-8100
    Fax: (860) 275-8101 (fax)
    E-mail: rso@avhlaw.com