UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DANIEL E. CARPENTER,                )
            Plaintiff,              )
                                    )       CIVIL ACTION
v.                                  )       NO. 05-11012-MEL
                                    )
U.S. DEPARTMENT OF JUSTICE,         )
            Defendant.              )
_____)

## GOVERNMENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

For the reasons stated below, in the government's Memorandum in Support of its Motion for Summary Judgment and at oral argument on that Motion, the government opposes plaintiff's Motion for Reconsideration.

As discussed in the government's July 1, 2005 Memorandum in Support of its Motion for Summary Judgment (Docket No. 21), it is well-settled that the protections afforded by exemption 7(C) of the FOIA are quite broad. The government incorporates the analysis of Quinon and related cases set forth in its earlier Memorandum. As evidenced by that discussion, the law protects more than the "confidential government informant" argued by plaintiff. It protects a broad range of individuals involved in criminal investigations and prosecutions. See Government's July 1, 2005 Memorandum in Support of its Motion for Summary Judgment (Docket #21) at pp. 7-10; see also Quinon v. FBI, 86 F.3d 1222, 1230 (D.C. Cir. 1996) ("Even assuming, arguendo, that a

FOIA plaintiff may infer that a specific person is a source and then make special arguments against confidentiality based on that hypothesis, we dismiss appellants' first argument . . . .").

Indeed, in his Motion for Reconsideration, plaintiff misreads Quinon. That case was decided on both 7(C) and 7(D) grounds. This Court decided the instant case on 7(C) grounds, yet plaintiff seems to rely on the 7(D) discussion in Quinon. In that case, the reference to protections for a "confidential source" arises in the discussion of exemption 7(D). 86 F.3d at 1231. As stated above, and in the government's earlier Memorandum, the protections under 7(C) are not limited to confidential witnesses, but are very broad. Quinon, 86 F.3d at 1230 ("FBI was entitled to withhold documents identifying informants **and other individuals involved in the investigation**) (emphasis added).

Plaintiff still fails to advance any reason why 7(C) is not a proper basis for exemption.[1]

Accordingly, the Motion for Reconsideration should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
|  | /s/Eugenia M. Carris<br>Eugenia M. Carris<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210 |
| Dated: December 5, 2005 | (617) 748-3376 |

## CERTIFICATE OF MAILING

I certify that a true copy of the above was electronically noticed to plaintiff's counsel of record, Richard S. Order, Esq., Axinn, Veltrop & Harkrider LLP, 90 State House Sq., Hartford, CT 06103, and Jack E. Robinson, Esq., 187 Atlantic St., Stamford, CT 06902 on the above date.

/s/Eugenia M. Carris
Eugenia M. Carris

---

[1] In addition, as the government has argued, there is nothing in the record before this Court which indicates specifically that Mr. Koresko has been a witness in the investigation of plaintiff. No document submitted by plaintiff supports that proposition. In any event, the affadavit to which plaintiff refers is in no way a proper waiver under FOIA. See Davis v. Dept. of Justice, 968 F.2d 1276 (D.C. Cir. 1992). Further, as was obvious by plaintiff's oral argument, his FOIA request does not satisfy the public interest goals of that statute, as is merely an attempt to gain advantage in civil litigation against Mr. Koresko.