UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| DANIEL E. CARPENTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 05-cv-11012-MEL |
| UNITED STATES DEPARTMENT OF JUSTICE and THE UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR RECONSIDERATION

In accordance with L.R. 7.1(B)(3), plaintiff Daniel E. Carpenter respectfully moves for leave to file the following reply memorandum of law in further support of his November 22, 2005 Motion for Reconsideration of Endorsement Order Dated November 7, 2005 and in response to the Government's Opposition to Plaintiff's Motion for Reconsideration dated December 5, 2005. A reply is necessary to alert the Court to misstatements made in the Government's opposition brief.

Plaintiff has sought the Government's consent to the filing of a reply brief, but the Government has refused.

**REPLY MEMORANDUM**

**ARGUMENT**

**POINT I**

**THE GOVERNMENT, NOT PLAINTIFF, ERRONEOUSLY CITES TO DISCUSSION REGARDING EXEMPTION 7(D) INSTEAD OF 7(C)**

The Government perpetuates its mistaken position that Quinon v. FBI, 86 F.3d 1222 (D.C. Cir. 1996), supports the Government's reliance on FOIA Exemption 7(C) in this case. The Government asserts that "plaintiff misreads Quinon" and "seems to rely on the 7(D) discussion in Quinon," Opp. Br. at 2, but then, unbelievably, goes on to quote, as support for its 7(C) argument, the very same Quinon language **relied on by plaintiff** in his motion for reconsideration.

Plaintiff clearly distinguished the Quinon case from the instant action on pages 2-3 of his Motion for Reconsideration. That analysis did not rely on the Quinon court's discussion of FOIA Exemption 7(D), as the Government claims, but specifically referred to that court's discussion of Exemption 7(C).[1] As plaintiff pointed out in his Motion for Reconsideration and as the Government confirmed in its opposition, the Quinon court applied Exemption **7(C)** only with regard to the withholding of information "**identifying** informants as well as other individuals involved in the investigation." Quinon, supra, at 1227, 1230 (emphasis added); Motion for Reconsideration at 2; Opp. Br. at 2. Furthermore, the Quinon court did not decide whether application of a FOIA exemption was warranted in that case but, instead, remanded the case to the district court with instructions to perform an *in camera* review of the withheld documents "to verify that there was a legitimate law enforcement basis to the investigation and

---

[1] At absolutely no point in his Motion for Reconsideration does plaintiff make any reference to findings or language from the Quinon court's Exemption 7(D) discussion, which is found at pages 1231-32 of that court's opinion.

2

that the FBI's sources provided information with an **expectation of confidentiality**." Quinon, supra, at 1225 (emphasis added).

Therefore, plaintiff's reading of Quinon as "address[ing] the application of Exemption 7(C) to **confidential** FBI sources who had a privacy interest in keeping their identities as informants secret," Motion for Reconsideration at 2 (emphasis in original), is a proper characterization of that case and, in light of John Koresko's public disclosure of his role as a "government informant" against his business competitor, plaintiff Carpenter, see id. at 2-3, Quinon does not support or justify the application of Exemption 7(C) to the instant action.

In an ironic twist, the Government is guilty of the error it falsely accuses plaintiff of making because the Government misreads a case and relies on the case's Exemption 7(D) discussion instead of its 7(C) discussion. The Government states that, "[i]n any event, the affadavit [*sic*] to which plaintiff refers is in no way a proper waiver under FOIA. See Davis v. Dept. of Justice, 968 F.2d 1276 (D.C. Cir. 1992)." Opp. Br. at 3 n.1. The waiver principle enunciated in Davis, however, appears in a discussion of Exemption **7(D)**. 968 F.2d at 1281 (citing Parker v. Dept. of Justice, 934 F.2d 375, 379-80). With regard to Exemption **7(C)**, the Davis court held that a different rule applied: "Under Exemption 7(C), on the other hand, we balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." Davis v. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (citation omitted).

Contrary to the Government's argument, the public interest in this FOIA request is not simply "an attempt to gain advantage in civil litigation against Mr. Koresko." Opp. Br. at 3 n.1. Plaintiff has pointed out that the public has an interest in ensuring that the Government does not rely on inaccurate information when deciding whether to indict a citizen, the public has an

3

interest in opening agency action to the light of public scrutiny, and the public has an interest in knowing whether one of its citizens was indicted for political reasons. See Plaintiff's Memorandum of Law in Opposition to Government's Cross-Motion for Summary Judgment dated July 12, 2005, at 11-13. At oral argument, plaintiff made the additional argument that the Government had committed selective prosecution by indicting plaintiff, a Connecticut resident, but not a Massachusetts resident who had all the contact with the alleged "victims" and that disclosure of the documents requested under FOIA could very well provide evidence of such selective prosecution.[2]

These public interests so clearly outweigh any privacy interest of Koresko's, particularly in light of his self-proclaimed desire to publicize his assistance to the Government rather than cloak it with secrecy, that it is apparent the Government has its own, hidden reason for refusing to produce the requested documents. Such hidden reasons and agenda of the Government are the evil that FOIA was designed to prohibit and uncover. Consequently, the Court should not permit the Government to exploit Exemption 7(C) under the subterfuge of purporting to champion some privacy interest of Koresko's.

---

[2] Koresko is not only an attorney but also a principal in Penn-Mont Benefit Services, Inc., a business competitor of Benistar, a company formerly operated by plaintiff until he stepped down in light of his indictment. Koresko has used various lawsuits to pursue a mission to destroy plaintiff, Benistar, and related entities. See, e.g., Daniels v. Bursey, __ F.3d __, 2005 WL 3159562 (7th Cir. Nov. 29, 2005) (holding that Koresko lacked standing to challenge Benistar settlement agreement); Arrow Drilling Co., Inc. v. Carpenter, 2003 WL 23100808, *5 n.8 (E.D. Pa. Sep. 23, 2003) (finding that Koresko engaged in "a Janus-faced argument" and "wasted this Court's time"). Consequently, to the extent that the Government relied on any information from Koresko in deciding to seek an indictment against plaintiff, it was misled and the indictment is subject to attack. Thus, the FOIA request has nothing to do with "gain[ing] advantage in civil litigation against Mr. Koresko." Rather, the goal of the FOIA request has been to adduce evidence of an unfair and selective prosecution. Exposure of such prosecutorial misconduct surely serves a highly significant and crucial public interest.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's Motion for Reconsideration of the Endorsement Order dated November 7, 2005 and, upon reconsideration, should grant plaintiff's summary judgment motion and deny defendants' cross-motion.

Dated:  December 9, 2005                                        PLAINTIFF,
                                                                DANIEL E. CARPENTER,


                                                        By:  /s/ Jack E. Robinson
                                                             Jack E. Robinson, Esq.
                                                             (BBO #559683)
                                                             2187 Atlantic Street
                                                             Stamford, CT 06902
                                                             Tel.:  (203) 425-4500
                                                             Fax:  (203) 425-4555
                                                             E-mail: Robinsonesq@aol.com

                                                             Richard S. Order, Esq.
                                                             Axinn, Veltrop & Harkrider LLP
                                                             90 State House Square
                                                             Hartford, CT 06103
                                                             Tel.:  (860) 275-8100
                                                             Fax:  (860) 275-8101
                                                             E-mail: rso@avhlaw.com