**E N D O R S E M E N T**

DANIEL CARPENTER v. U.S. DEPT. OF JUSTICE and U.S. ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS
05-CV-11012-MEL

LASKER, D.J.

      Daniel Carpenter ("Carpenter") files a Motion to Reconsider with regard to the decision of November 7, 2005 which granted summary judgment to the Government on the basis of 5 U.S.C. §552b(c)(7)(C) ("Exemption 7(C)") of the Freedom of Information Act ("FOIA"). Exemption 7(C) allows an agency to withhold documents compiled for law enforcement purposes when they "could reasonably be expected to constitute an unwarranted invasion of personal privacy." After an in camera review, I determined that John Koresko ("Koresko") possesses a privacy interest which qualifies the requested documents under Exemption 7(C).

      Carpenter now moves on the grounds that Quinon v. FBI, 86 F.3d 1222 (D.C. Cir. 1996), with which I agreed in reaching the November 7, 2005 decision, applies exclusively to confidential government informants. This reading of Quinon conflates the Court's reasoning in that case with regard to Exemption 7(C) and 5 U.S.C. §552b(c)(7)(D)("Exemption 7(D)"). Exemption 7(D) refers specifically to documents "furnished by a confidential source" and it was in regard to Exemption 7(D) that the Court in Quinon discusses the confidential informant's privacy interest. The language of Exemption 7(C) is construed by Quinon to mean a general personal privacy interest in the same manner which the November 7, 2005 decision upholds.

      Carpenter's Motion for Reconsideration is DENIED.

      It is so ordered.


Dated:    December 12, 2005
            Boston, Massachusetts     /s/ Morris E. Lasker
                                       U.S.D.J.